UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| VERNON BONNER,<br><br>      Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br>Ms. M. CRUZ, Warden,<br><br>      Respondents. | Civil No. 08-1474 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota, serving a 105-month federal prison sentence. (Petition, [Docket No. 1], p. 2, ¶ 4(a).) He is not presently challenging the validity of the convictions or sentence for which he is currently

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

incarcerated. Instead, he is challenging a decision by the federal Bureau of Prisons, ("BOP"), regarding the date when he should be transferred to a "Residential Re-entry Center," (sometimes referred to as an "RRC" or "half-way house").

The entire sum and substance of Petitioner's factual and legal argument, repeated verbatim and in its entirety, is as follows:

> "Mr. Bonner Halfway House should be from 180 days to 360 days **not** 150 days to 180 days as David Baker, Unit Manager of the FBOP has stated. Several inmates here in Duluth FBOP have been given more Halfway House (Recommended) time who had a less sentence than Mr. Bonner. [ ¶ ] Mr. Bonner Halfway House date should be based on 180 days or 10% of 105 months and Mr. Bonner Halfway House date should be JUNE 10, 2008."

(Id., p. 4a, "Statement of Fact(s).")

A BOP website[2] shows that Petitioner is scheduled to be released from prison on January 10, 2009. According to Petitioner, the BOP is planning to assign him to an RRC sometime between 150 days to 180 days before his release date, which presumably means sometime between July 10, 2008, and August 10, 2008. Petitioner claims that he should be transferred to an RRC on June 10, 2008. He is now seeking a writ of habeas corpus that would compel the BOP to send him to an RRC on that earlier date.[3]

## II. DISCUSSION

RRC assignments are governed by 18 U.S.C. § 3624(c)(1), which provides that:

---

[2] The BOP's official website is http://www.bop.gov.

[3] Petitioner concedes that he has not exhausted his BOP administrative remedies for the claims presented here, but he contends that he should not have to exhaust those remedies before seeking habeas corpus relief, because "there is not enough time." (Petition, p. 4a.) For now, the Court will overlook Petitioner's failure to exhaust his administrative remedies, because it is clear that, in any event, his current claims must be rejected on the merits, (for the reasons discussed below).

> "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."

This statute was recently amended by the "Second Chance Act of 2007." The statute, as quoted here, became effective on April 9, 2008. The amended statute requires the BOP to issue new regulations designed to ensure that RRC assignments are "(A) conducted in a manner consistent with section 3621(b) of this title;[4] (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

---

[4]  18 U.S.C. § 3621(b) provides that:

"The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
   (1) the resources of the facility contemplated;
   (2) the nature and circumstances of the offense;
   (3) the history and characteristics of the prisoner;
   (4) any statement by the court that imposed the sentence--
   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
   (B) recommending a type of penal or correctional facility as appropriate; and
   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another....

Section 3624(c)(6) requires the BOP to issue its regulations "not later than 90 days after the date of the enactment of the Second Chance Act of 2007." As noted above, the Second Chance Act of 2007 was enacted on April 9, 2008, so the 90-day deadline for issuing regulations has not yet expired. As far as the Court can tell, the regulations required by the statute have not been issued as yet.[5]

The statute itself, however, clearly indicates, on its face, that the BOP is to determine "on an individual basis" how much time each federal prisoner should spend in an RRC. The statute sets a maximum amount of time that a prisoner can spend at an RRC, (not more than twelve months), but the statute does not set any minimum amount of time that a prisoner must spend in an RRC.

In this case, Petitioner claims that the BOP has erroneously decided to send him to an RRC approximately five to six months before his release date. According to Petitioner, he should be sent to an RRC six to twelve months before his release date. This claim must be rejected, because Petitioner has offered no legal basis to uphold it.    Petitioner has not suggested that the BOP's decision regarding his RRC transfer date violates any statute, regulation or constitutional principle. It appears that the BOP considered Petitioner's individual circumstances, and selected an RRC transfer date that was deemed best for his

---

[5] According to a recent decision by the Eighth Circuit Court of Appeals, "[i]n reaction to this statute, [i.e., the amended § 3624(c)], and the new 12-month maximum [RRC] placement, the BOP issued guidance directing that 'inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates.'" Miller v. Whitehead, Nos. 07-1651, 07-1652, 07-1653 and 07-1654 (8th Cir. May 30, 2008), 2008 WL 2220430 at * 3. This suggests that the BOP has, perhaps, provided some interim "guidance" to federal prison authorities, pending the issuance of the formal regulations mandated by § 3624(c)(6).

particular situation. That is precisely what the applicable law requires the BOP to do. Petitioner obviously believes that the BOP misjudged his circumstances and his needs, but he has not cited any legal error in the BOP's decision-making process, or in the BOP's ultimate conclusion about when he should be sent to an RRC.

The Court has not overlooked Petitioner's allegation that other inmates, with shorter sentences, have been given more RRC time. However, that allegation, by itself, adds nothing significant to Petitioner's claim. Petitioner has not cited any legal authority showing that the length of a prisoner's sentence determines the amount of time he should spend in an RRC. In fact, the length of a prisoner's sentence would seem to have little, if any, bearing on how much time he should spend in an RRC in order to best facilitate his transition back into society.

In sum, it is clear that Petitioner disagrees with the BOP's decision regarding the date when he should be assigned to an RRC, but Petitioner has not identified any legal flaw in the BOP's decision, which could warrant judicial intervention. Because Petitioner has not offered any possible legal grounds for setting aside the BOP's decision on his RRC transfer date, the Court will recommend that his current habeas corpus petition be summarily denied, and that this case be dismissed with prejudice.

### III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No.

1), be DENIED; and

    2.  This action be summarily dismissed with prejudice.


Dated: June  9 , 2008

                                              s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 26, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.